Christina TONJES and Charles Thomas Brians, Appellants,

v.

The STATE of Texas.

Nos. 12–81–0214–CR, 12–81–0216–CR.

Court of Appeals of Texas, Tyler.

Feb. 5, 1982.

Clifton Holmes, Kilgore, for appellants.

Robert R. Foster, Dist. Atty., Longview, for appellee.

PER CURIAM.

On January 21, 1982, we issued our opinions in these two cases which came to us as appeals from orders entered in habeas corpus proceedings in the 124th Judicial District Court of Gregg County, Texas. The district court reduced bail for appellant Christina Burknette Tonjes from $1 million

to $500,000, and for appellant Charles Thomas Brians from $1 million to $100,000.

We held that the bail set in both cases was excessive and ordered that Tonjes' bail be set at $100,000 and Brians' at $50,000.

Both appellants are before us now with an application for mandate praying that we issue mandates in accordance with our opinions. This we cannot do because our judgments in the cases are not yet final.

According to Art. 44.38, Tex.Code Crim. Pro. (the Code), our judgments in appeals under habeas corpus shall be final and conclusive if discretionary review is not granted by the Court of Criminal Appeals. Art. 44.45 of the Code provides that the Court of Criminal Appeals may review decisions of the court of appeals on its own motion. An order for such review must be filed before the decision of the court of appeals becomes *final* as determined by Art. 42.04a of the Code.

We interpret these two articles of the Code to mean that the finality of our decisions in habeas corpus appeals are governed by Art. 42.04a. A reading of that article of the Code clearly provides that we are. to issue mandates only when our decisions become final. Subsection (b) of Art. 42.04a tells us when our decisions are final. That is:

(b) A decision of a court of appeals shall be final:

(1) At the expiration of 45 days after the final ruling of the court, unless:

(A) a petition for review has been filed within 30 days after the final ruling of the court of appeals; or

(B) the Court of Criminal Appeals has filed an order for review of the decision on its own motion; or

(2) At the expiration of 15 days from the date of refusal of the Court of Criminal Appeals to grant a petition for review.

In the event neither a motion for rehearing is filed nor the provisions of (A) or (B) above are invoked, our decisions would not become final until March 7, 1982. Since that date is a Sunday, the mandates would not be issued until Monday, March 8, 1982.

Accordingly, appellants' application for mandate is denied.